CECIL CROCKETT V. THE STATE.

No. 16957. Delivered October 24, 1934.
Reported in 75 S. W. (2d) 455.

The opinion states the case.

*H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of wilfully injuring a railroad, and his punishment assessed at confinement in the State penitentiary for a term of 3 years.

The appellant made a voluntary confession which was introduced in evidence by the State, and upon the trial he testified in his own behalf that on the 24th of April, 1933, he borrowed an automobile at Waco; that he and his uncle, Ancel

Crockett, came down to Marlin in said automobile and purchased some kerosene, and then came on to Reagan to a bridge on the T. & N. O. Railroad Company where he, appellant, put out the kerosene and let his uncle out of the car and then he drove the car up the road three or four hundred yards where he waited about 30 minutes before returning to the bridge; that when he reached a point in the road near the bridge his uncle was at the road waiting for him; that they carried the kerosene oil with them to be used by his uncle in burning the railroad bridge; that he did not see the bridge on fire; that he was not present when his uncle set fire to the bridge. The fire was subsequently discovered and extinguished but not until 16 ties on the east end of the bridge, the stringers which run lengthwise the bridge and parallel to the rail, were badly burned; that the "dump bent" supporting the bridge on the east end was also badly burned; that the bridge was in such a condition from the fire that it would have derailed any train that may have attempted to pass over it and overturn the engine and the cars following it.

The appellant urged a number of objections to the court's charge, among them the following: First, that it does not properly charge the law as to principals; second, that it places an undue burden on him, and, third, in order for the defendant to be guilty as a principal offender he must have been actually, bodily present at the very time of the commission of the offense. We have examined the charge and reach the conclusion that it is not subject to the objections addressed to it. The law of principals, as contained in the charge, is in the language of the statute and no undue burden appears to have been placed on the appellant. It is true that the appellant was not bodily present at the bridge at the time the fire was actually applied to it but he had borrowed a car at Waco in which he and his uncle drove down below Marlin in Falls County to the bridge of the T. & N. O. Railroad Company to burn it. They purchased several gallons of kerosene at Marlin which they carried along with them to the bridge to be used in kindling the fire; that upon reaching a point in the road near the bridge appellant took the can of kerosene out of the car and then drove the car down the road three or four hundred yards where he waited 30 or 40 minutes while his uncle made all necessary preparations to set fire to the bridge, and did set fire to the same, and when appellant returned his uncle had already set fire to the bridge and returned to the road where appellant picked him up and they drove back to Waco. If ap-

pellant entered into an agreement with Ancel Crockett to burn the bridge and they agreed to act together in so doing and had previously formed the design in which the minds of both united and concurred in common intent, and in pursuance to such a previously formed design and in pursuance of such common intent of both, and the appellant knew of the acts and intent, if any, of Ancel Crockett to commit said offense, and if he did aid by act or encourage by words or gestures the said Ancel Crockett in the commission of the offense, and at the time thereof was doing something in furtherance of the common design, then he is a principal offender whether he was actually bodily present or not. The question which arises is: Was there an agreement on the part of the appellant with Ancel Crockett to injure the bridge of said railroad? Had they agreed to act together with each other in so doing in pursuance of a previously formed design in which the minds of both parties united and concurred, and did the appellant, in pursuance of said previously formed design and in pursuance of such common intent, aid by act and encourage by words or gestures the said Ancel Crockett in the commission of said offense? These were questions of fact for the jury. If the testimony showed that the action of the appellant was such, however slight, from which the jury could reasonably draw such a conclusion, then their finding is binding upon this court, and this court would not be authorized in disturbing the same. It is our opinion that the appellant's testimony, as above set out, was sufficient to warrant the jury in concluding that the appellant was a principal offender.

Having reached the conclusion that the court's charge was eminently correct and that the testimony is sufficient to warrant the conviction, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.